IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMILIA & NICOLAE SIMERIA, | § § § § | |
| *Plaintiffs,* | | |
| V. | § § § § § § § | CIVIL ACTION NO. 4:23-cv-02135 (JURY) |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | | |
| *Defendant,* | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Emilia & Nicolae Simeria, ("Plaintiffs"), and files *Plaintiffs' Original Complaint*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### PARTIES

1. Plaintiffs, Emilia & Nicolae Simeria, reside in Montgomery County, Texas.

2. Defendant, Allstate Vehicle and Property Insurance Company, is an insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Allstate, through its registered agent for service listed with the Texas Department of Insurance**: CT Corporation System, 1999 Bryan Sreet., Suite 900, Dallas, Texas 75201**. Plaintiffs request service at this time.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in

      controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

5. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

## FACTS

6. Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs owned an Allstate Vehicle and Property Insurance Company insurance policy, number 000844468709 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 21554 Maddux Drive, Porter, Texas 77365 ("the Property").

8. Allstate Vehicle and Property Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs. Allstate Vehicle and Property Insurance Company represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property. During the policy period from September 27, 2020 to September 27, 2021 a severe storm passed through the Montgomery County, Texas area.

9. In the aftermath of the storm, Plaintiffs submitted a Claim to Allstate Vehicle and Property Insurance Company against the Policy for damage to the Property. Allstate Vehicle and Property Insurance Company assigned claim number 0632075883 to Plaintiffs' claim (the

"Claim"). The claim was assigned a date of loss of 06/02/2021.

10. Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

11. Allstate Vehicle and Property Insurance Company hired or assigned its estimator, Dean Stagner, to adjust the claim. Stagner adjusted the claim on or about July 12, 2021, according to the information containted in his estimate. Stagner's findings generated and estimate of damages totaling $927.43. After application of depreciation and Plaintiffs' $1,821 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of the Claim.

12. Allstate, through its estimator, Stagner, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. Allstate either failed to conduct appropriate research into weather events occurring at the insureds' location, or ignored that weather information which showed that the location was impacted by severe weather during the Policy period.

13. Allstate and Stagner have ultimately refused full coverage which includes, but is not limited to, replacement of the composite shingle roof, vents and flashings. Furhter, the storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: 1st floor living room, kitchen, hallway, pantry, hallway bathroom, master bedroom, master closet, master bathroom, linen closet.

14. The damage to Plaintiffs' Property is currently estimated at $17,601.50.

15. Stagner had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his

report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Stagner.

16. Furthermore, Stagner was aware of Plaintiffs' deductible prior to adjusting the Claim. Stagner had advanced knowledge of the damages he needed to document in order to be able to deny the Claim.

17. Stagner misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Stagner made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18. After reviewing Plaintiffs' Policy, Stagner misrepresented that the damage was caused by non-covered perils. Stagner used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

19. As stated above, Allstate and Stagner improperly and unreasonably adjusted Plaintiffs' Claim. Without limitation, Allstate and Stagner misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' Claim or loss under the Policy.

20. Allstate and Stagner made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate and Stagner made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Stagner.

21. Plaintiffs relied on Allstate and Stagner's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs'

Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

22. Upon receipt of the inspection and estimate reports from Stagner, Allstate failed to assess the Claim thoroughly. Based upon Stagner's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

23. Because Allstate and Stagner failed to provide coverage for Plaintiffs' insurance Claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

24. Furthermore, Allstate and Stagner failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Stagner performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

25. Allstate and Stagner's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

26. Allstate and Stagner's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate and Stagner have failed to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Stagner have failed to, in an honest

and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

27. Allstate and Stagner's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Allstate and Stagner failed to provide Plaintiffs a reasonable explanation for underpayment of the Claim.

28. Additionally, after Allstate received statutory demand on or about March 24, 2023, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' Claim properly.

29. Allstate and Stagner's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Stagner performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiffs under the Policy.

30. Specifically, Allstate and Stagner performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

31. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX. INS. CODE §542.055. Due to Stagner's subpar inspection, Allstate failed to reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time after receiving all necessary information.

32. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Stagner's intentional undervaluation of

Plaintiffs' Claim, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Stagner's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' Claim.

33. Allstate and Stagner's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

34. All paragraphs from the fact section of this complaint are hereby incorporated into this section.

## BREACH OF CONTRACT

35. Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

36. Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. All allegations above are incorporated herein.

38. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39. Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

40. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

41. Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

42. Allstate's unfair settlement practice of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

43. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

44. Allstate's delay in paying Plaintiffs' Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

46. Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

47. Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are a consumer of goods and services provided by Allstate pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Allstate have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of

Plaintiffs' Claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct give Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. Allstate's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48. Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

49. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

50. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

51. The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

52. Plaintiffs currently estimate that actual damages to the Property under the Policy are $17,601.50.

53. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

54. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

55. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

56. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

58. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

59. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

60. Plaintiffs hereby request a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiffs pray that Defendant, Allstate Vehicle and Property Insurance Company, be summoned to appear and that upon trial hereof, Emilia & Nicolae Simeria, recover from Defendant, Allstate Vehicle and Property Insurance Company such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

Dated: June 12, 2023

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587

        Southern Bar No. 2246983
        Amanda J. Fulton
        Bar No. 24077283
        Southern Bar No. 31422
        CHAD T. WILSON LAW FIRM PLLC
        455 E Medical Center Blvd, Ste 555
        Webster, Texas 77598
        Telephone: (832) 415-1432
        Fax: (281) 940-2137
        eservice@cwilsonlaw.com
        afulton@cwilsonlaw.com

        ATTORNEYS FOR PLAINTIFFS